# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| STEPHEN A. DOWNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 3:25-cv-00921** |
| BROCK & SCOTT, PLLC, | ) | **Judge Aleta A. Trauger** |
| JP MORGAN CHASE BANK, N.A., | ) | |
| DANIEL EPOSITO, BENJAMIN PEAY, | ) | |
| MARLEY GRIM and | ) | |
| RYAN ELDRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

*Pro se* plaintiff Stephen A. Downs, pursues claims against defendants JP Morgan Chase

Bank, N.A. ("Chase") and its counsel, defendants Brock & Scott, PLLC ("Brock & Scott"), Daniel

Esposito, Benjamin Peay, Marley Grim, and Ryan Eldridge (the "Brock & Scott lawyers" and,

(collectively with Brock & Scott, the "Brock & Scott defendants") for alleged violations of the

Fair Debt Collection Practices Act ("FDCPA"), the Tennessee Consumer Protection Act

("TCPA"), and the Tennessee Collection Service Act ("TCSA"), among other claims. (Doc. Nos.

1, 1-2.) After the defendants removed the case from state court to federal court, the undersigned

denied the plaintiff's first Motion to Remand and referred the case to the Magistrate Judge to

dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B).

(Doc. No. 37.) Since then, the plaintiff has engaged in what can only be viewed as scorched-earth

litigation tactics, filing numerous motions and duplicative motions without awaiting resolution of

his already pending motions.

The Magistrate Judge has now entered a Report and Recommendation ("R&R") (Doc. No. 83), recommending that:

(1) the plaintiff's two Renewed Motions to Remand (Doc. Nos. 21, 23) be denied on the basis that the plaintiff has apparently abandoned his requests for remand;

(2) Chase's Motion to Strike Second Amended Complaint (Doc. No. 29) under Federal Rule of Civil Procedure 12(f) be granted on the basis that the plaintiff did not comply with Rule 15(a)(2) by seeking leave to amend, having already amended his pleading once as a matter of course;

(3) the plaintiff's Motion for Leave to File Supplemental Complaint (Doc. No. 56) be denied based on the plaintiff's failure to comply with this court's Local Rule 15.01(a), which requires that a motion for leave to file an amended complaint be accompanied by the signed proposed amended pleading attached as an exhibit to the motion, or Local Rule 15.01(b), which requires amended pleadings to "restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. R. 15.01(b);

(4) the plaintiff's motions for leave to file supplemental memoranda (Doc. Nos. 47, 69) be granted as unopposed;[1]

(5) the defendants' Motions to Dismiss (Doc. Nos. 11, 43) be granted under Rule 12(b)(6), because the plaintiff's allegations that "(1) Chase and the Brock & Scott Defendants refused to provide him with a copy of their representation agreement during debt-collection litigation against Downs in state courts; (2) the Brock & Scott Defendants continued to pursue Chase's claims against Downs after Downs informed them that Downs believed he was 'judgment proof'; and (3)

---

[1] The R&R, understandably, overlooks one of these, but the court construes it to recommend the granting of such unopposed procedural motions.

during the debt-collection litigation, the Brock & Scott Defendants sent an email with a debt collection notice to a state court judge's staff person and copied Downs on the email" "cannot support plausible claims for relief" (Doc. No. 83 at 13–14 (citing Doc. No. 1-2));[2] and

(6) in light of the failure of the Complaint to state plausible claims for relief, the plaintiff's other pending motions (Doc. Nos. 28, 30, 34, 48, 50, 55, 57, 65, 70, 77, 79) be denied as moot.

Following the entry of the R&R, the plaintiff filed a Notice of Intent to File Specific Written Objections (Doc. No. 84), his Specific Objections to the R&R (Doc. No. 85); Supplemental Specific Objection (Doc. No. 86); Memorandum in Support of Supplemental Specific Objections (Doc. No. 87); Formal Objection to Report & Recommendation (Doc. No. 90); and "Preliminary Judicial Notice of Supplemental Adjudicative Facts Regarding State-Court Perjury and Data Co-Mingling," which, the plaintiff explains, was "filed to preserve the integrity of the federal record and prevent the adoption" of the R&R, which is "predicated on a now-debunked 'Shadow Record'" (Doc. No. 91). Chase and the Brock & Scott defendants filed separate Responses to the plaintiff's various Objections, construed objections, and related filings. (Doc. Nos. 93, 94.) The plaintiff filed a Consolidated Reply to the defendants' Responses. (Doc. No. 98.)

Meanwhile, the plaintiff has filed several additional motions, including another Motion for Leave to File Verified Second Amended and Supplemental Complaint ("renewed Motion to Amend") (Doc. No. 88), Motion to Disqualify Defense Counsel (Doc. No. 90),[3] and Motion for Terminal Sanctions (Doc. No. 92). The defendants have filed Responses in opposition to these

---

[2] The R&R notes that the plaintiff "concedes that his amended complaint fails to state claims for relief under the TCSA or for malicious prosecution" and therefore recommends dismissal of these claims without discussion. (Doc. No. 83 at 24.)

[3] The entire title of this document is "Plaintiff's Consolidated Motion to Disqualify Defense Counsel and Formal Objection to the Report and Recommendation." (Doc. No. 90.) The court construes it as both additional objections to the R&R and a motion to disqualify.

motions. (Doc. Nos. 95–97.) The plaintiff has now filed a Notice of Supplemental Misrepresentations in Defendants' Response Opposing Leave to Amend (Doc. No. 99) and Reply briefs in further support of all of his new motions (including one that doubles as a Reply to the Response to his Objections (Doc. Nos. 98, 100, 101).

As set forth herein, the court finds all of the plaintiff's various objections, in whatever format they have been presented, to be utterly without merit and that the R&R should be accepted and adopted in its entirety. In the interest of justice, the court has also reviewed and considered the plaintiff's renewed Motion to Amend and finds that the proposed amended and supplemental pleading fails to cure any of the pleading deficiencies identified by the R&R regarding the existing claims against the existing defendants and that the new allegations fail to state a colorable claim against the new defendants for which relief may be granted. The renewed Motion to Amend will be denied; all other pending motions will be denied as moot; and this case will be dismissed.

## I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) authorizes a party to file objections within fourteen days after being served with a magistrate judge's report and recommendation on a dispositive matter. The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a

complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    DISCUSSION

### A.    Unopposed Portions of R&R

The plaintiff does not object to the denial of his renewed Motions to Remand, and the defendants do not object to the granting of the plaintiff's various motions for leave to file supplemental memoranda. These recommendations, therefore, will be accepted without discussion. The renewed Motions to Remand (Doc. Nos. 21, 23) will be denied, and the motions for leave to file supplemental memoranda (Doc. Nos. 47, 69) will be granted.

### B.    Chase's Motion to Strike Second Amended Complaint

The plaintiff does not directly attack the recommendation that Chase's Motion to Strike Second Amended Complaint (Doc. No. 29) be granted, but he attacks it indirectly by arguing that the R&R erred in failing to recognize his "Amended Complaint" (Doc. No. 27) as the operative

pleading in this action and in analyzing the Motions to Dismiss based on the allegations set forth in the his first "Amended Complaint" filed on July 18, 2025 in state court, prior to removal (see Doc. No. 1-2). He insists that the second "Amended Complaint" superseded the first Amended Complaint and that the Magistrate Judge should have considered the latter as "nonexistent" following the filing of the second "Amended Complaint." (Doc. No. 85 at 1–2.) He argues that the filing of his second "Amended Complaint" eight days after Chase filed its Motion to Dismiss meant that his filing was made as a "matter of course" under Rule 15(a)(1)(B) that should have mooted the Motion to Dismiss.

None of the plaintiff's filings offers any basis for addressing *de novo* the R&R's comprehensive explanation of why the second Amended Complaint was not filed "as a matter of course" under Rule 15(a)(1)(B), because the plaintiff had already filed his first Amended Complaint in the state court case, prior to removal, as a result of which he was required to seek the court's leave (or the opposing parties' consent) before filing another amended pleading. (*See* Doc. No. 83 at 7–9.) Based on his failure to do so, Chase properly filed its Motion to Strike under Rule 12(f). Any objection to the recommendation that the Motion to Strike be granted will be overruled, and the court will accept the recommendation to grant the Motion to Strike (Doc. No. 29).

### C. Motion for Leave to File Supplemental Complaint

The plaintiff also does not explicitly or coherently object to the recommendation that his Motion for Leave to File Supplemental Complaint be denied based on his failure to comply with Local Rule 15.01(a) & (b). Instead, he has filed his renewed Motion to Amend, which, this time, is accompanied by a proposed Second Amended Verified Complaint and numerous other exhibits. (Doc. Nos. 88, 88-1 through -11.) Accordingly, the court will accept the Magistrate Judge's recommendation and deny the first Motion for Leave to Filed Supplemental Complaint (Doc. No. 56). The plaintiff's renewed Motion to Amend will be addressed below.

### D.        Motions to Dismiss

The first Amended Complaint ("FAC") (Doc. No. 1-2), filed originally in state court, was the operative pleading at the time of removal and remains the operative pleading at this time, based on the striking of the plaintiff's unauthorized second Amended Complaint and the fact that neither of his subsequent motions to amend has been granted.

The FAC asserts claims against Chase and the Brock & Scott defendants for violations of various provisions of the FDCPA and the TCPA, as well as professional negligence claims under Tennessee common law. The plaintiff's claims are based on allegations that (1) the Brock & Scott defendants pursued a debt collection lawsuit against the plaintiff in Tennessee state court while acting as "agents" for Chase and, as such, are "third party" debt collectors as described by the FDCPA (FAC, Doc. No. 1-2 at 5); (2) the Brock & Scott defendants and Chase failed to comply with the plaintiff's repeated demands that they "provide assignment documents or any contractual agreement" between Chase and Brock & Scott that "would demonstrate the legal basis" for Brock & Scott to act as Chase's agent for purposes of collecting a debt on Chase's behalf or to show that Chase had "assigned" the debt to Brock & Scott (*id.* at 5–6, 14); (3) Chase and the Brock & Scott defendants continued their collection efforts even after the plaintiff notified them that the debt was disputed and demanded that they have no further contact with him unless they provided proof of the relationship between them (*id.* at 9–10, 15); (4) the Brock & Scott defendants were "told multiple times" that the plaintiff believed he was "judgment proof," making their continued pursuit of a judgment against him a violation of the FDCPA's prohibition against harassment and deceptive practices (*id.* at 12); and (5) the Brock & Scott defendants knowingly sent an email to the "judges attorney" in his case, copied to the plaintiff, which the plaintiff characterizes as an unauthorized communication directly to a third party containing a debt collection notice (*id.* at 12–13).

The R&R sets forth the standard of review for motions to dismiss under Rule 12(b)(6), including the requirement that the court "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." (Doc. No. 83 at 12 (quoting *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)).) Applying that standard, and liberally construing the FAC's factual allegations, the Magistrate Judge exhaustively considered each of the plaintiff's legal claims under the FDCPA and state law and found that the FAC failed to state a colorable claim for which relief could be granted.

Regarding Chase, the R&R specifically finds that a creditor itself does not qualify as a "debt collector," for purposes of the plaintiff's FDCPA claims; that exhibits attached to the pleadings showed that Chase sued the plaintiff in the state court debt collection action in its own name and not that of a third party or pseudonym in an attempt to hide its identity; and that the FAC does not allege any facts that suggested that Chase made affirmatively false representations or engaged in deceptive means to collect a debt. (Doc. No. 83 at 17–18.) The R&R also finds that the plaintiff has not pointed to any provision of the FDCPA that required Chase to provide the plaintiff documentation of its attorney-client relationship with the Brock & Scott defendants.

Regarding the Brock & Scott defendants, the R&R implicitly assumes that lawyers collecting a debt for a client may be "debt collectors" as defined by the FDCPA, and the Brock & Scott defendants do not argue to the contrary. Rather than dwelling on that question, the R&R addresses the plaintiff's claims of violations of 15 U.S.C. §§1692e(10), 1692e(2)(A) and (6)(A), 1692d, and 1692f and finds that the FAC does not plausibly allege violations of any of these provisions. Specifically, the R&R finds that there was nothing misleading about the Brock & Scott defendants' representations that Chase was the plaintiff in the debt collection action and that they

were Chase's attorneys. The plaintiff has not alleged that that representation was false, nor has he shown that the attorneys had an obligation under the FDCPA to provide the plaintiff "proof" of their attorney-client relationship. Further, the plaintiff's factual allegations, accepted as true, do not show that the Brock & Scott defendants engaged in deceptive practices prohibited by § 1692e(6)(A), § 1692d, or § 1692f. For largely the same reasons, the R&R finds that the FAC does not plausibly allege facts that support a claim for relief under the TCPA, while also finding that the Brock & Scott defendants were practicing law and not engaged in trade or commerce within the meaning of the TCPA. Finally, the R&R finds that the FAC "has not plausibly alleged that either Chase or the Brock & Scott Defendants owed [the plaintiff] a duty that was breached by their continued prosecution of the debt-collection action." (Doc. No. 83 at 28.)

The plaintiff's objections to the R&R's specific recommendations relating to the claims set forth in the FAC are few and largely conclusory. The plaintiff objects that the R&R "erred in dismissing individual attorney liability" and asserts that, under *Heintz v. Jenkins*, 514 U.S. 291 (1995), "[i]individual attorneys engaged in debt collection litigation are 'debt collectors' as a matter of law," such that recommending dismissal of the claims against them "contradicts binding Supreme Court precedent." (Doc. No. 85 at 4.) This objection is misguided because the R&R does not recommend dismissal of the Brock & Scott lawyers based on a finding that they are not "debt collectors" but, instead, based on the finding that the FAC does not plausibly allege that these defendants engaged in misleading or deceptive conduct in violation of the FDCPA.

The plaintiff also asserts in a wholly conclusory fashion that the R&R should not have exempted Chase from liability under the FDCPA solely as a creditor "because Chase used a third-party name to collect its own debt after 'charging it off.'" (Doc. No. 85 at 4.) This argument, however, was not presented in the plaintiff's Response to Chase's Motion to Dismiss, and it is well

established that a claimant may not present new arguments for the first time in objections to a report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Moreover, the fact remains that Chase, in its own name, is identified as the plaintiff in the underlying debt collection action. The R&R correctly recommends dismissal of the FDCPA claim against Chase on the basis that it is a creditor, not a debt collector, and is not alleged to have hidden its identity as the plaintiff in the underlying state court debt collection case.

In short, these objections are without merit and will be overruled. The plaintiff has raised no other substantive objections to the recommendation that the Motions to Dismiss be granted. Accordingly, the court will accept that recommendation and grant both Motions to Dismiss. The FAC will be dismissed.

### E.     The Other Pending Motions

The plaintiff objects to the R&R's recommendation that the plaintiff's other pending nondispositive motions be denied as moot, and he also objects to the Magistrate Judge's purported failure to take into account other documents filed by the plaintiff that are not styled as motions—specifically including his "Request for Judicial Notice of Contradictory Filings and Discovery" (Doc. No. 79), regarding what the plaintiff refers to as the "Statum Admission" (Doc. No. 79-2). (*See* Doc. No. 85 at 2–4; *see also* Doc. No. 86; Doc. No. 87 at 3; Doc. No. 90 at 1–2.) He insists that this court should "un-moot" any mooted motions and consider them and his "Notices" alongside his renewed Motion to Amend. (*See* Doc. No. 86 at 3.) He further argues that "judicial notice" of the "Statum Admission," which he characterizes as a "formal federal admission that Defendants 'cannot verify' the debt" and an "adjudicative fact," is "mandatory." (Doc. No. 87 at 3.) The plaintiff also objects that the R&R violates his Seventh Amendment right to a jury trial by dismissing the case, "despite Defendants' formal admission . . . that they 'cannot verify' the status

of the debt" (Doc. No. 85 at 4), and that the R&R erroneously "Conflat[es] Debt Validity with Collection Conduct" (*id.* at 5–6), again based on the "Statum Admission." (Doc. No. 85 at 6; *see also* Doc. No. 87 at 3–4 ("The 'Statum Admission' creates a 'triable issue' that only a jury can resolve.").)

The so-called Statum Admission also figures prominently in the plaintiff's proposed Second Amended Complaint ("proposed SAC") (Doc. No. 88-1). Based on that document, the plaintiff seeks to plead new claims against new defendants—the law firms of Bricker Graydon Wyatt LLP (as successor-in-interest to Wyatt, Tarrant & Combs, LLP) ("Bricker") and Manier & Herod ("M&H"), the law firms representing the defendants in this case. (*See* Doc. No. 88-1 at 1.) The new claims are premised upon the "defendants'" practice of utilizing "unverified, 'charged-off' data to prosecute a state-court lawsuit while simultaneously admitting in this federal record that they 'cannot verify' the debt." (*Id.* (citing "Statum Admission").) Fred Statum III is a partner at M&H and "the author of the 'Statum Admission.'" (*Id.* at 4.)

Although not explained in the proposed SAC or the plaintiff's motions and notices, the allegations regarding the Statum Admission and the claim against M&H are based on that law firm's filing, on behalf of the Brock & Scott defendants, an Amended Response to a Request for Admission after the plaintiff filed his "Supplemental Notice of Relevant State Court Developments and Counsel's Administrative Non-compliance" on December 23, 2025 (Doc. No. 73). The plaintiff attached a document to this Notice, "Exhibit G" (Doc. No. 73-2), that the plaintiff characterizes as a "smoking gun," showing that Chase at some point had "charged off" the plaintiff's debt to Chase. (Doc. No. 73 at 1.) The plaintiff claims that this document "directly impeaches the sworn denials" filed by defense counsel that the debt had not been charged off. (*Id.* at 1–2.) Exhibit G, however, is a screen shot of a "Credit Karma" report that indeed contains the

words, "Charge off account," but it does not contain the plaintiff's name or any account number and, therefore, does not appear to prove anything. (*See* Doc. No. 73-2.)

Regardless, after the plaintiff filed his "Supplemental Notice" and Exhibit G, the Brock & Scott defendants, through counsel at M&H, served on the plaintiff their Amended Responses to the Plaintiff's Requests for Admission by email on December 24, 2025, one day after the plaintiff's Supplemental Notice. (*See* Doc. No. 79-2.) In Request No. 3, the plaintiff requests an admission that, as of the date of filing the state court debt collection lawsuit, Chase had "previously charged off or sold the debt owned by [the plaintiff], account number ending in 4467, to a third-party entity." (*Id.* at 2.) The amended response, which is what the plaintiff refers to as the "Statum Admission," states in relevant part:

> Responding to Request for Admission No. 3, Brock & Scott denies that J.P. Morgan Chase Bank, N.A ("Chase") had previously sold the debt owed by a Stephen Downs, account number ending in 4467, to a third party. Further responding to this Request, Brock & Scott notes that Plaintiff has recently filed with the federal court a document (Doc. No. 73, Exhibit G "Evidence of Charge Off") that he asserts shows that the above-referenced debt owed by Plaintiff has been "charged off" but which document apparently does not contain Plaintiff's name, nor does it include any account number. Brock & Scott therefore cannot conclusively admit or deny whether Plaintiff's debt was "charged off," by Chase based upon this document. Further, Brock & Scott expressly denies any intended implication that any "charge off" of Plaintiff's debt by Chase, if it in fact occurred, has any relevance whatsoever to the validity of the debt, or Chase's right to collect the full amount of the debt from Plaintiff, nor does the "charge off" status of Plaintiff's debt otherwise have any relevance to the issues in the federal court lawsuit, or to Brock & Scott's right to dismissal of the same for reasons set forth in its Motion to Dismiss.

(*Id.*)

Upon his receipt of the Amended Response to Request No. 3, the so-called "Statum Admission," the plaintiff filed his "Request for Judicial Notice of Contradictory State Filings and Procedural Misconduct" (Doc. No. 79), in which he asks the court to take judicial notice of "contradictory filings" in the state court debt collection action.

The plaintiff's various objections and new motions (as well as several of his pre-R&R motions) are based primarily upon the Statum Admission, which the plaintiff repeatedly characterizes as an "admission" that the defendants "cannot verify" the "character, amount, or legal status of the debt." (*See, e.g.*, Doc. No. 88-1 at 9; *see also* Doc. No. 85 at 6; Doc. No. 86 at 2–3; Doc. No. 87 at 3; Doc. No. 90 at 2; Doc. No. 91 at 2.) However, the court has reviewed the Statum Admission filed by the plaintiff and concludes that, on its face, it contains no such admission. Instead, it states that the defendants cannot conclusively admit or deny whether the debt that is the subject of the underlying debt collection action was charged off *based on the Credit Karma document the plaintiff filed*, which does not contain any identifying information. Further, the defendants expressly deny that the question of whether the debt was "charged off" for bookkeeping purposes has any relevance to the validity of the debt.

The court therefore finds that the Magistrate Judge did not abuse her discretion in declining to consider the plaintiff's "Request for Judicial Notice of Contradictory Filings and Discovery" (Doc. No. 79) and the "Statum Admission" (Doc. No. 79-2). Consideration of these documents would have had no effect on the recommendations that the plaintiff's first Motion for Leave to Filed Supplemental Complaint be denied and that the Motions to Dismiss be granted. Moreover, the Magistrate Judge correctly concluded that, because the defendants' Motions to Dismiss should be granted, the other pending motions should be denied as moot.

This objection will be overruled.

### F.    Post-R&R Motions

As stated above, following the issuance of the R&R, the plaintiff filed his renewed Motion to Amend, along with a Motion to Disqualify Defense Counsel and "Motion for Terminal Sanctions." (Doc. Nos. 88, 90, 92. ) The defendants have filed Responses in opposition to each of these motions, and the plaintiff has filed Reply briefs and additional "Notices." Rather than refer

these motions back to the Magistrate Judge, the court will withdraw the referral for the purpose of ruling on these motions.

Regarding the renewed Motion to Amend, the court observes that the plaintiff is actually requesting to supplement his pleading under Rule 15(d). That rule states in relevant part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). This rule gives district courts "broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15, advisory committee's note to 1963 amendment; *see also Moore's Federal Practice* 3d, § 15.30 ("It is within the discretion of the court to allow a supplemental pleading to be filed at any stage of the case. . . ."). "And in exercising its discretion, a trial court should be mindful that supplementation, like amendment, should be freely granted, but, on the other hand, the non-moving party might be prejudiced by supplementation, adding post-complaint claims may be judicially inefficient, and the supplemental claims may be futile because they fail to state a claim upon which relief may be granted." *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021) (citation omitted).

As the Magistrate Judge explained, courts in this circuit consider several factors when determining whether to grant leave to supplement a complaint under Rule 15(d), including whether amendment would be futile. *See Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015), *as amended nunc pro tunc*, No. 2:06-CV-896, 2016 WL 8223066 (S.D. Ohio Mar. 17, 2016), *aff'd*, 837 F.3d 612 (6th Cir. 2016). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *see also Spies v. Voinovich*, 48 F. App'x 520,

527 (6th Cir. 2002) (holding that "the same standard of review and rationale apply" to motions to supplement under Rule 15(d) and motions to amend under Rule 15(a)).

The proposed SAC does not contain additional allegations to support the existing claims against the existing defendants, and it does not cure any of the pleading deficiencies identified by the Magistrate Judge in addressing the Motions to Dismiss the FAC. On the contrary, the plaintiff appears to have abandoned many of the claims set forth in the FAC. The new claims in the proposed SAC, however, are futile, as they fail to state a colorable claim against the new defendants for which relief may be granted.

First, the new allegations against M&H and Bricker are based almost entirely on the "Statum Admission"—which does not say what the plaintiff claims it says and does not constitute an admission. Instead, as the Brock & Scott defendants argue, their Amended Response to the plaintiff's Request for Admission No. 3 asserts that the "charge off" status of the plaintiff's underlying debt is irrelevant to his obligation to repay the debt. Second, the proposed SAC contains additional allegations of a pattern of "robo signing" and "deceptive verification practices," but the plaintiff provides no coherent explanation as to how such allegations might give rise to any sustainable cause of action against any of the defendants. These supplemental allegations and claims, that is, are also futile. The court also finds that permitting the proposed amendment would prejudice the existing defendants and would not serve the interests of judicial economy. The court, therefore, will deny the renewed Motion to Amend. All other pending motions will be denied as moot.

## III.     CONCLUSION

For the reasons set forth herein, the plaintiff's myriad objections will be overruled, and the R&R will be accepted in its entirety. The plaintiff's post-R&R Motion to Amend will be denied,

and all other motions filed following the entry of the R&R will be denied as moot. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge